Randell L. SMITH et al., Appellants,

v.

Earle A. BATES, Appellee.

No. 15001.

Court of Civil Appeals of Texas. Dallas.

Oct. 7, 1955.

Rehearing Denied Nov. 18, 1955.

Anderson, Scott & Hackler, Dallas, for appellants.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

CRAMER, Justice.

This is an action on a South Dakota Circuit Court judgment in favor of appellee and against appellants for the amounts due thereon, plus costs, etc., such judgment having been appealed to the Supreme Court of South Dakota and there affirmed; 65 N.W.2d 137.

The District Court, on motion for summary judgment, after considering the motion, answer thereto, affidavits, and other documentary evidence, sustained the motion and entered judgment against appellants who have duly perfected this appeal.

Appellants brief three points of error. Point 1 asserts error in the granting of the summary judgment and thereby precluding appellants from showing that jurisdiction was never acquired by the South Dakota Circuit Court which rendered the judgment. Appellee counters (a) that it appearing " * * * although not without dispute, that the defendant, Arlene Smith, was actually served with process in the South Dakota suit, * * * "; and it being undisputed that an answer and counter-claim for damages was filed in her behalf; that she was present in person during the trial and knew that she was being sued as one of the defendants; that a counter-claim was being asserted in her behalf; that during the trial she signed a written acknowledgment of service of an interlocutory injunction issued against her in the cause; that there was no showing that her husband had not employed the attorney who represented her; and since there was no substantial controversy and no genuine issue of fact on the issue of service or appearance by Arlene Smith in the South Dakota Circuit Court, there was no error in the court's sustaining appellee's motion for summary judgment; and there being no allegation in appellants' answer that the South Dakota judgment was void or voidable as to her

because of lack of service on her, no genuine issue of fact was shown and there was no error in the sustaining of the motion. The record shows Arlene Smith's affidavit to the effect that she was never served with citation or other suit papers by the Sheriff of Brown County, South Dakota, in South Dakota; that she "* * * never appeared in the lawsuit in South Dakota as a party to the lawsuit * * *; that she "never authorized her husband, Randall L. Smith, Joe Maynes, my husband's attorney, or anyone else to enter an appearance."

Appellee introduced on the hearing the following documentary evidence: "(a) The affidavit of Lee A. Wills, sworn to before E. H. Dunker, Notary Public, on June 20, 1952, to the effect that on April 25, 1952, he as a resident, citizen and elector of Brown County, South Dakota, served summons in the South Dakota suit of Earle A. Bates, plaintiff v. Randell L. Smith and Arlene Smith, defendants, on the defendant Arlene Smith, by then and there handing to and leaving with said defendant personally a true and correct copy of said sommons.

"(b) Notice of Joe L. Maynes, attorney for defendants, to Douglas W. Bantz, attorney for plaintiff, in the South Dakota suit, that he, Joe L. Maynes, has been retained by and thereby appears for the above named defendants (Randell L. Smith and Arlene Smith), dated June 24, 1952.

"(c) The affidavit of Douglas W. Bantz, attorney for the plaintiff (appellee here) in the South Dakota suit, establishing that the trial of the South Dakota suit consumed approximately two days, that the first proceeding was the matter of hearing upon an application for interlocutory injunction, that at all times during the hearing for interlocutory injunction and the trial of the case Arlene Smith was present in person in the courtroom while the appearances of both parties were stated to the court reporter and the court, while the opening statements of counsel were made and the case argued by attorneys on both sides after introduction of evidence; that Arlene Smith knew that she was being sued in that case and was one of the defendants, because

that fact was mentioned numerous times during the trial, in her presence and hearing, but that she never at any time, either before the trial or during or after the trial, raised any question about her not having been served with summons or about not having authorized any attorney to represent her in the trial, or about not having authorized her husband to employ an attorney to represent her in the trial.

"(d) The interlocutory injunction granted by the South Dakota trial court, dated July 11, 1952, bearing the acknowledgment of service thereof, signed by both appellants, Randell L. Smith and Arlene Smith, under date of July 11, 1952, which was during the trial of the South Dakota suit.

"(e) The answer and counterclaim of appellants filed in the South Dakota suit, signed by Attorney P. J. Maloney, Aberdeen, South Dakota, on behalf of both defendants (appellants here), in which full answer was made to the complaint in South Dakota and in which both defendants (appellants here) invoked the jurisdiction of the South Dakota court by their counterclaim against plaintiff (appellee here) for $9,000 in damages to both defendants (appellants here) and $10,000 to the defendant (appellant here) Randell L. Smith.

"(f) Section 33.0806 of the South Dakota Code of 1939, providing that the summons in a civil suit may be served by the Sheriff of the county where the defendant may be found or by any other person not a party to the action, who, at the time of making such service is an elector of the county in which such service is made, that the service shall be made and the summons returned with proof of service to the plaintiff's attorney, if any; otherwise, to the plaintiff.

"(g) Section 33.0817 of the South Dakota Code of 1939 providing as follows: 'A voluntary appearance of a party is equivalent to personal service of the summons or other papers upon him; provided that a special appearance may be made for the sole purpose of testing the jurisdiction of the Court over the person or the subject matter without being deemed a voluntary appearance. If objection to jurisdiction of the

person is overruled and such person thereafter takes affirmative steps of procedure in the action, the appearance shall be deemed general and voluntary.'

"(h) The judgment of the Supreme Court of South Dakota affirming the judgment of the South Dakota trial court."

On the documentary evidence and affidavit the summary judgment was granted. The only question is whether Mrs. Smith's affidavit raised a disputed question of fact for the trier of facts. The general rule is followed in Texas and is stated in 26 Tex.Jur., p. 484, as follows: " * * * The question of jurisdiction may be inquired into, and a want of jurisdiction over the person may be shown, notwithstanding a recital of appearance in the judgment. This, as we have seen, is the rule in actions on sister state and federal judgments, and, it is said that 'No sound distinction can be made as to this defense in an action upon a judgment of another state and one upon a domestic judgment. If a conclusive presumption obtains in the one case, it should obtain in the other.' * * *." See also 59·A.L.R. 1598.

■ Our Texas cases hold that an officer's return cannot be impeached by one witness since the officer's return is made on his official oath See 33 Tex.Jur. 890–894, Process and Notices, secs. 76–79 inclusive. However, here the return was under only the oath of the person who states he perfected the service. Such person is not shown to be an officer and therefore the return was not supported by an official oath. If it had been by an officer under his oath of office, such officer's return could not be impeached by the evidence of one witness. 33 Tex.Jur. 892, Process and Notices, sec. 78. The question of service of process on appellant Arlene Smith under the record here showing her affidavit of no service, made a question of fact for the trier of the facts. 33 Tex.Jur. 892 and cases there cited.

Point 1 is sustained.

Point 2 asserts error in granting appellee's motion for summary judgment, thereby precluding appellants from showing that the trailer was exempt as appellant Arlene Smith's homestead. Point 2 is countered that, it appearing without dispute (a) that appellants did not raise the defense that the house trailer constituted their homestead on the trial of the South Dakota suit, the South Dakota judgment establishing and foreclosing appellee's lien thereon, would have been, if proper service of process had been had, res adjudicata of the question of homestead and the defense of Texas homestead would have been, on such proper service, res adjudicata of the question of homestead and the defense of Texas homestead raised no genuine issue. (b) That the movable homestead, after being mortgaged to appellee while it was still situated in South Dakota, its being moved thereafter to Texas and placed upon rented ground to which they had no title, such trailer was not protected by our Const. Art. 16, secs. 50–51, Vernon's Ann.St., and therefore no genuine issue of fact was present on the issue of Texas homestead.

The record shows no defense of homestead at the time of the trial of the cause in South Dakota and the South Dakota judgment foreclosed the lien evidenced by the note and mortgage herein sued on against the house trailer in question.

■ Under such record there was apparently a valid lien securing the debt here sued on against the house trailer established by a final judgment of the South Dakota court in a cause over which that court had jurisdiction at the time such lien was established; and if appellant was before the South Dakota court, under the full faith and credit clause of the Federal Constitution such lien was entitled to be recognized in the suit here filed in Texas. In addition, the lien being valid when given, it was not lost by the removal of the trailer from South Dakota to Texas, for such removal was without the consent of the lien holder. Point 2 is overruled.

Point 3 asserts error in the granting of the motion and the entering of the summary judgment which precluded appellants from showing they were damaged by the fraud,

perjury, and conduct of appellee Bates in South Dakota during the litigation there. Appellee counters that "(a) Appellants' point No. 3 and statements thereunder are too vague, general and indefinite to apprise the court or counsel for appellee of the point relied upon for reversal, are multifarious, and should therefore be stricken by the Court of Civil Appeals." And that, "There being nothing before the court, except appellants' pleadings and brief, to show any improper conduct on the part of appellee causing damage to appellants, or either of them, the court did not err in granting appellee's motion for summary judgment."

Appellants' full statement under the third point is as follows: "Appellants, cross-plaintiffs below, pleaded that jurisdiction of the person of the cross-plaintiff, Randell L. Smith, was procured by fraud of the appellee, cross-defendant below. Appellant alleged that appellee caused service by publication to be brought against the appellant, Randell L. Smith, even though appellee knew the exact residence of said appellant, and that his sole purpose in causing such service was to entice and cause the appellant to return to South Dakota to prevent the sale of his property, and said appellant made affidavit accordingly. In addition, appellant has alleged that he was imprisoned as a result of the false, fraudulent and malicious testimony of the appellee during the litigation in South Dakota."

Appellants cite 23 Am.Jur. 875, Fraud and Deceit, sec. 98, to the effect that: "If a person is induced by artifice or fraud to come within the jurisdiction of a court for the purpose of obtaining service of process on him, not only will the service be set aside on motion, but also an action for damages may be maintained for the deceit. * * *."

 A careful reading of appellants' statement and the affidavit in our opinion shows no cause of action in favor of appellants against appellee. There was, therefore, no error in the court's ruling against appellants. Appellant Randell L. Smith was properly before the court in South Dakota and within its jurisdiction; and such court heard the evidence, not now before this Court. Under the record we cannot say the South Dakota judgment is void.

Appellants' point 3 is overruled.

For the error pointed out under point 1, the judgment below is reversed and the cause is remanded for a new trial.

Reversed and remanded.