## EARLE A. BATES v. RANDELL L. SMITH ET AL

No. A-5596. Decided April 18, 1956.
(289 S.W. 2d Series 215)

*Brundidge, Fountain, Elliott & Batemen,* and *Harold A. Bateman,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that the simple affidavit of Arlene Smith, wife of defendant, that she was not served with process in the South Dakota Case was sufficient to raise a question of fact for the trier of facts, in light of the uncontradicted evidence that she was present in person at all times during the trial in that court, and knew that her attorney had entered an appearance and answer and permitted said attorney to appear on her behalf in presenting a counter claim for damages. Merchants Heat & Light Co. v. J. B. Clow & Sons, 204 U.S. 286, 51 L. Ed. 488, 27 Sup. Ct. 285; 6 C.J.S. 42; 3 Am. Jur., 792.

*Winikates, Scott & Anderson* and *James M. Anderson,* all of Dallas, for respondents.

In response cited Lindsey v. Ferguson, Texas Civ. App., 80 S.W. 2d 407; Chandler v. Young, Texas Civ. App. 216 S.W. 2d 464.

MR. JUSTICE WILSON delivered the opinion of the Court.

This is a suit to collect in Texas a South Dakota judgment. The trial court rendered a summary judgment for the plaintiff and defendant appealed. Defendant here and her husband were defendants in the South Dakota suit. That case was appealed to the Supreme Court of South Dakota whose opinion is recorded in 65 N.W. 2d 137. She has in her possession a house trailer which was the subject of foreclosure in that suit. Here she attacks the jurisdiction of the South Dakota court on the grounds that she was not properly served there and neither did she appear there. The principal question here is whether her affidavit filed on motion for summary judgment in this suit raises a fact issue as to her appearance in the South Dakota case.

The Court of Civil Appeals has reversed and remanded on the grounds that there exists an issue of fact as to whether she was properly served with citation in South Dakota. The Court of Civil Appeals does not discuss the question of whether or not she appeared even though not properly served with citation. 283 S.W. 2d 432.

■ We have concluded that questions of service of citation in South Dakota upon Arlene Smith are immaterial. The judgment of the trial court in this case upon motion for summary judgment is correct in that there is no fact question raised in respect to her presence in the courtroom during the presentation of the case in South Dakota.

The general law seems clear that in the absence of special statutory provision[1] if a party be sued as defendant and is present in the courtroom and participates in the trial by asserting defenses and a cross action asking for affirmative relief, the party is in court even though never having been served. Rogers v. Penobscot Mining Co., 28 S.D. 72, 132 N.W. 792; St. Louis & S. F. Ry. Co. v. Hale, 109 Texas 251, 206 S.W. 75.

---

[1]Art. 33.0817 of the South Dakota Code of 1939 is as follows:

"33.0817 Voluntary appearance; equivalent to personal service; exceptions, special appearance; special appearance may become general.

"A voluntary appearance of a party is equivalent to personal service of the summons or other papers upon him; provided that a special appearance may be made for the sole purpose of testing the jurisdiction of the Court over the person or the subject matter without being deemed a voluntary appearance. If objection to jurisdiction of the person is overruled and such person thereafter takes affirmative steps of procedure in the action, the appearance shall be deemed general and voluntary.

"Source: Supreme Court Rule 95 of 1939. (Sec. 2343 Rev. Code 1919, revised in form, and amplified to provide for special appearance.)"

On the question of whether or not defendant Arlene Smith participated in the South Dakota trial, plaintiff's motion for summary judgment was supported by the following affidavit of Douglas W. Bantz, an attorney representing the plaintiff in that case:

"That at all times during hearing for interloctuory injunction and the trial of said case the defendant, Arlene Smith, wife of Randell L. Smith, was present in person in the courtroom, while the appearances of both parties were stated to the Court Reporter and the Court at the commencement of the trial, while the opening statements of the plaintiff's counsel and defendants' counsel were made (which opening statements outline the positions of the respective parties and state what the respective parties expect to prove), and the case was argued by the attorneys on both sides, after introduction of evidence.

"That the said Arlene Smith knew that she was being sued in that case and was one of the defendants therein, because that fact was mentioned numerous times during the trial, in her presence and hearing; that the said Arlene Smith never at any time, either before the said trial or during the said trial, or at any time after the said trial, raised any question about her having been properly brought before the court or about not having been duly served with summons or about not having authorized any attorney to represent her in the trial or about not having authorized her husband to employ an attorney to represent her in said trial."

In response to plaintiff's motion for summary judgment supported by the affidavit quoted just above, defendant Arlene Smith filed her own affidavit which contained the following statements:

"2. I was never served with service of citation or suit papers by the sheriff of Brown County, South Dakota in South Dakota.

"3. I never appeared in the lawsuit in South Dakota as a party to the lawsuit.

"4. I never authorized my husband, Randell L. Smith, Joe Maynes, my husband's attorney, or anyone else to enter an appearance for me."

■ So our question becomes whether or not Mrs. Smith's affi-

davit that "she never appeared in the law suit in South Dakota as a party to the lawsuit" is a factual assertion that she was not present in the courtroom while the evidence and argument were submitted in her behalf by an attorney purporting to act for her. The question of what conduct constitutes an "appearance" is a question of law. We hold that her affidavit amounts to a conclusion of law. It does not contain statements of fact putting in issue the statements of fact contained in the Bantz affidavit.

Defendant Argues that she is not mentioned in the introductory paragraphs of the judgment. She is referred to by name in the adjudicative clauses.

Accordingly the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered April 18, 1956.