Ramona Rojas **MUNOZ**, Appellant,

v.

**HEIGHTS SAVINGS & LOAN ASS'N et al.,**
Appellees.

No. 7091.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 30, 1958.

Rehearing Denied Jan. 20, 1959.

946

Peter P. Cheswick, Houston, for appellant.

James G. Donovan, John M. Fakes, Houston, for appellees.

## CHADICK, Chief Justice.

This is a suit in which appellant, Romona Rojas Munoz, a mortgagor, sued appellees, Heights Savings & Loan Ass'n and James G. Donovan, for actual and exemplary damages arising out of a trustee's foreclosure sale, and in the alternative, for certain equitable relief and title to real property. Appellees' motion for summary judgment was granted and such judgment of the trial court is affirmed.

Appellant's trial pleadings alleged her ownership of a house and lot in the City of Houston and an indebtedness in favor of the Association against the same secured by a deed of trust lien. She alleged that certain installment payments had become delinquent and that prior to October 4, 1955, both the Association and Donovan, its President, agreed that foreclosure would be suspended to give her an opportunity to find a buyer and pay the indebtedness in full on or before November 5, 1955. She alleges that on October 7th she advised the appellees that a buyer had been obtained and requested appellees to execute a release of the lien and deliver the same to a designated loan agency and receive payment of the entire indebtedness. At this time, October 7th, she alleges that she was advised that foreclosure sale under the deed of trust occurred on October 4th and unless she paid certain fees and expenses of approximately $400, release would not be given, and that she refused to pay such amount. The appellees refused to accept payment and Donovan as trustee thereupon executed a foreclosure sale deed of the property to the Association pursuant to a purported public sale on October 4th.

Appellees moved for summary judgment and in support thereof filed affidavits detailing facts in an effort to show a valid sale under the powers of the deed of trust. At the request of the appellant, the appellees filed admissions which, among other things, established that Donovan acted as trustee in the foreclosure proceeding while at the same time being President of the Association, a stockholder and its legal counsel though not acting in the latter capacity in this suit.

In reply to the motion appellant filed her sworn affidavit, the part material to this appeal reading as follows: "Said Ramona Munoz is ready, willing and able to testify to the facts alleged in her second amended petition in this cause, and that the facts alleged in such amended petition are true and correct." Thereafter appellant filed another instrument titled, "Controverting Affidavit to Motion for Summary Judgment." This latter instrument was acknowledged before a Notary Public but it does not appear that the party acknowl-

edging it was sworn. In any event, the latter instrument becomes immaterial as it adds nothing to what is sworn to in the quoted affidavit.

Appellant's brief presents four points of error for consideration. Appellees' brief contains eight counter-points. After consideration of the record, the briefs of the parties and authorities cited, it is concluded that the appeal must be decided upon appellees' 8th counter-point. The counter-point being that there is no genuine issue as to any material fact in the case, therefore summary judgment for appellees is proper.

The affidavits filed by the appellees at the summary judgment having established facts entitling them to the judgment granted, unless appellant's affidavit quoted above contradicts them and raises an issue as to some material fact. The pleadings referred to in appellant's affidavit, upon examination, do not show that facts were pled with sufficient particularity so that treating them as a part of the affidavit they contradict any material fact shown by appellees' affidavit. In this respect, the only portion of the pleading to which attention has been directed which might be construed as evidence contradicting facts stated in appellees' affidavit, is the second sentence of paragraph 7, reading in part: "Plaintiff now alleges that if such foreclosure sale was actually had on the 4th day of October, A.D.1955 *which sale at foreclosure is not admitted by plaintiff but specifically denied,* etc. \* \* \*"

The substance of the quoted sentence is an opinion and a conclusion of law. It follows that the affidavit does not put at issue any statement of fact contained in the appellees' affidavit. See Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, wr. ref.; Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885, wr. ref., n. r. e.; 41-B Tex.Jur. p. 50.

The expression from Sparkman v. McWhirter, supra [263 S.W.2d 839], that, "we have examined this record with un-

usual care because of the truly unfortunate position in which appellants have placed themselves, whether unwittingly or not. However appellees are entitled to all relief that may be properly theirs under the invoked Rule", is here adopted.

No reversible error being shown, appellant's several points are respectfully overruled, and the judgment of the trial court is affirmed.