**COMBINED INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**F. G. THOMPSON and wife, Dessie P. Thompson, Appellees.**

**No. 7338.**

Court of Civil Appeals of Texas.

Amarillo.

May 18, 1964.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Jerome W. Kirby, Littlefield, for appellees.

NORTHCUTT, Justice.

This is an appeal by Combined Insurance Company of America, appellant, from a judgment in favor of appellees, rendered by the County Court of Lamb County, Texas. F. G. Thompson and his wife, Dessie P. Thompson, appellees, brought suit against appellant to recover under the terms of a policy of hospitalization and surgical insurance issued by appellant to appellees.

Appellant answered, contending the application for the insurance indicated Dessie P. Thompson was in good health at the time the application was made but that she was not in good health. Further pleading was to the effect that on or about the tenth day of August 1962 until the eighteenth day of August 1962 and after the delivery of the policy here in question Dessie P. Thompson was hospitalized as a result of illness with which she was afflicted prior to her filling out the application on which the policy was issued. Appellant then pleaded it learned Mrs. Thompson was not in good health at the time she filled out the application on which the policy was based and issued and appellant returned the premiums that were paid because of the fact that the policy never took effect and was never an effective insurance contract since Mrs. Thompson was not in good health at the time of the issuance and delivery of the policy.

The case was submitted to the jury upon special issues. In answer to said issues the jury found that neither Mr. Thompson nor Mrs. Thompson made any false statements in the application for insurance; that the jury did not find Mrs. Thompson was not in good health February 20, 1962, and that the cause of the condition for which Mrs. Thompson was treated did not originate before February 20, 1962. Upon the verdict of the jury judgment was rendered in favor of Mr. and Mrs. Thompson for the $164 coverage under the policy; 12 per cent damages and $250

attorney's fees. From that judgment appellant perfected this appeal.

■ Appellant's first point of error contends the court erred in overruling appellant's motion for instructed verdict because the undisputed stipulated evidence showed appellees' cause of action was based upon a claim which arose out of a sickness which was first contracted before the expiration of thirty days after the effective date of the policy. We construe this point as stating there was no evidence authorizing the submission of any issue to the jury because the undisputed stipulated evidence shows the sickness was contracted before the expiration of the thirty days after the effective date of the policy. The sickness in question was diagnosed as orthostatic hypotension. Therefore, if there is any evidence of probative force to support the finding of the jury, such finding is conclusive and binding on both the trial court and this court. The application for insurance asked if to the best of their knowledge Mrs. Thompson was in good health. She testified so far as she knew she was in good health. Mr. Thompson testified to the same fact. Mrs. Thompson had never been diagnosed before as having this sickness and she had never suffered from this illness. The doctor testified the hospital record was vague and his presumption was based upon a vague record as to any time the illness had existed. We are unable under this record to hold this sickness was contracted before the expiration of thirty days after the effective date of the policy. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Appellant's first point of error is overruled.

Appellant's second point of error contends the court erred in overruling appellant's motion for a new trial for the reason that the jury answers to special issues five and six were contrary to the great weight and preponderance of the evidence and were clearly and manifestly unjust. The effect of the jury's answers to issues five and six was that Mrs. Thompson was in good health on February 20, 1962, when the policy was issued and that the sickness for which Mrs. Thompson was treated between the dates of August 10 and August 18, 1962, (being the sickness here involved) did not originate before February 20, 1962, (issuance of the policy here involved).

■■ Appellant refused appellees' claim because appellees did not give complete information to appellant on the application. There is testimony that so far as appellees knew Mrs. Thompson was in good health when the application was made. Whether Mrs. Thompson was in good health when the application and policy were made was a controverted fact issue for the jury. Where testimony is conflicting on fact issues as here, appellate courts will not disturb the jury's verdict. Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820 (Sup.Ct.). Although the Clark case was a life insurance case we think the same principle of law applies to health and accident policies. Appellant's second point of error is overruled.

■ Appellant's points of error three and four contend the court erred in failing to grant appellant's motion for mis-trial and also failing to grant appellant's motion for a new trial based upon certain comments of appellees' counsel while testifying. Appellees' counsel testified: "I have, on several occasions, had occasion to sue the same company, and had occasion to deal with the same attorney in Chicago and * * *" Appellant's attorney objected to such statement and asked for mis-trial. The trial court overruled the motion for mis-trial but instructed the appellees' attorney not to mention anything about suing the company before and instructed the jury not to consider that for any purpose. We think such statement was out of line but we cannot hold in the face of the instructions of the court that the same in any manner influenced

the jury in their verdict. Points three and four are overruled.

By appellant's points of error five and six it is contended the court erred in submitting the issues as to whether the appellees made any false statement in the application for the insurance policy issued. Since the policy of insurance was issued upon the application, the appellant knew what the application contained, and if the application did not contain sufficient facts to justify the issuance of the policy, appellant should have required additional information. If the statements made in the application were true and the policy was issued upon such statements, appellant had no complaint and it would be necessary to show they were false in order to defeat the policy. It is stated in Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820 by the Supreme Court as follows:

"It is also well settled in this State that to avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the insured knew, or should have known, that they were untrue, and that he made them willfully and with the intention of including the insurer to issue him a policy. American Cent. Life Ins. Co. v. Alexander, Tex. Com.App., 56 S.W.2d 864; Doyle v. Great Southern Life Ins. Co., Tex.Civ. App., 126 S.W.2d 735, affirmed 136 Tex. 377, 151 S.W.2d 197; General American Life Ins. Co. v. Martinez, Tex.Civ. App., 149 S.W.2d 637; American Nat. Ins. Co. v. Green, Tex.Civ.App., 96 S.W.2d 727; Provident Life & Accident Ins. Co. v. Flowers, Tex.Civ.App., 91 S.W.2d 847; 46 C.J.S. Insurance, § 1319, pp. 435–437."

Finding no reversible error, the judgment of the trial court is affirmed.