**AMERICAN LIFE AND ACCIDENT IN-SURANCE COMPANY, Appellant,**

**v.**

**Frances HUVAR, Appellee.**

**No. 4349.**

Court of Civil Appeals of Texas.

Waco.

April 22, 1965.

Morgan & Shropshire, David B. Owen, Fort Worth, for appellant.

W. C. Gray, Jr., Sealy, for appellee.

WILSON, Justice.

Both insurer and insured moved for summary judgment in appellee's suit to recover benefits under two policies of health and accident insurance issued by appellant. Appellee-insured's motion was granted; appellant's was overruled.

Insured alleged she was hospitalized on a specified date for relief of sickness which required three surgical operations for which she incurred listed expenses aggregating $2401.15, of which she alleged $1416 was due under the policies. She pleaded appellant had paid $1316 of the latter amount, leaving a balance of $100 sued for, together with 12% statutory damages and $500 at-

torneys' fees. Insurer answered asserting policy limitations on the amount of charges for operating room and anesthesia, and that insured had endorsed and cashed drafts bearing a release, which she accepted as full payment of all claims; and she was estopped to claim further payment. Insured failed to answer requests for admissions under Rule 169, Texas Rules of Civil Procedure that she had endorsed and cashed such checks, and that the release on two of them had been erased after delivery to her.

An affidavit of a physician was attached to insured's motion. In addition to numerous conclusions as to the construction and effect of the policies, this affidavit recited insured was confined in a hospital on a named date for relief of sickness, requiring three operations and anesthetics. "The details of this sickness and its treatment," it was said, "are stated and set out in various medical and hospital records" not attached.

Insured apparently relied before the trial court on the conclusions in the doctor's affidavit such as: "by virtue of said policies of insurance defendant became liable", etc., for there is no other proof in the record of the amounts of expenses incurred, what they were for, whether they were for separate "sicknesses" so as to avoid the admitted policy limitation, or whether they were actually incurred. Factual aspects of the alleged release and estoppel are not referred to. There is no proof concerning attorneys' fees for which summary judgment was rendered.

When both parties move for summary judgment the burden is upon each to establish clearly his right thereto, "and neither party can prevail because of the failure of the other to discharge his burden." Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85. The conclusions in the affidavit, of course, will not authorize the judgment. Rule 166-A, Tex.Rules Civ. Procedure; Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215, 217. In determining whether or not a fact issue exists under Rule 166-A, the test is whether movant would be en-

titled to an instructed verdict in a conventional trial. Valley Stockyards Co. v. Kinsel, Tex.Sup., 369 S.W.2d 19, 20. The record does not authorize rendition of judgment for appellee. Reversed and remanded.