**Charlene Davis CRAIN, Appellant,**

v.

**Vernon L. DAVIS et ux., Appellee.**

**No. 6861.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 29, 1966.

Rehearing Denied Jan. 25, 1967.

Walter M. Sekaly, Beaumont, for appellant.

Sexton & Owens, Orange, for appellee.

STEPHENSON, Justice.

This was an action brought in the nature of a bill of review attacking a judgment awarding defendants the custody of a minor child. Defendants' motion for summary judgment was granted by the trial court. The parties will be referred to here as they were in the trial court in this action for bill of review.

Defendants, the paternal grandparents of the minor child, were awarded custody of the child by an agreed judgment signed and approved by plaintiff and her attorney. Plaintiff filed this petition in the nature of a bill of review, through another attorney, alleging that her consent to the judgment was obtained through fraudulent statements made to her by defendants' attorney.

Defendants filed their motion for summary judgment and affidavits were filed by both parties. It is argued by defendants that the affidavit filed by plaintiff did not raise a genuine issue of fact as to whether plaintiff had a meritorious defense in the original custody suit. A study of the affidavits shows that defendants are correct in taking this position. The affidavit filed by defendants in support of their motion contained the following:

"That we are the mother, brother and stepfather, respectively, of Charlene E. Kollenborn Davis Hickey Crain. Vernon Keith Davis, who is two and one-half (2½) years old, is the son of the said Charlene E. Kollenborn Davis Hickey Crain. Charlene has, since October of 1961, been married on at least one occasion and is presently living with another man named Ralph Monroe Crain, who she alleges to be her husband. Within each of our knowledge, Charlene's conduct and morals, since October of 1961, including but not limited to her behavior and conduct in the presence of her minor son, has evidenced a complete disregard for morality, truthfulness and respectability, and it is each of our opinions that the welfare, training and education of Vernon Keith Davis is being disregarded by that child's mother, and that the best interest and welfare of the child would be served if the child were placed in a respectable home where it could receive the care, affection, training and stability that a two-year old needs to be properly reared.

"In this connection, we are all acquainted with Mr. and Mrs. Vernon L. Davis of Orange, Texas, who are the paternal grandparents of Vernon Keith Davis and we know them to have a stable home, and we know them to be of fine moral character and we know them to hold much love and affection for their grandchild, and we are of the opinion that they are the proper persons to have the care, custody and control of Vernon Keith Davis."

Even though plaintiff had alleged in her unverified petition that she had a good defense in that she was a fit and proper person to have custody of her child, the affi-

davit filed by her in answer to the motion for summary judgment makes no mention of a meritorious defense. Her pleadings alone did not raise a genuine issue of this material fact and the summary judgment was properly granted. Keahey v. Dallas Teachers Credit Union, Tex.Civ.App., 374 S.W.2d 450.

Affirmed.