Charlene Davis CRAIN, Petitioner,

v.

Vernon L. DAVIS et ux., Respondents.

No. B–132.

Supreme Court of Texas.

June 28, 1967.

Rehearing Denied July 19, 1967.

Walter M. Sekaly, Beaumont, for petitioner.

Sexton & Owens, Paul R. Owens, Orange, for respondents.

SMITH, Justice.

This suit was brought in the nature of a bill of review by the Petitioner to set aside an agreed judgment awarding custody of her minor child to the paternal grandparents, Respondents herein. The Respondents filed an answer and subsequently

filed motion for summary judgment. The motion for summary judgment was granted. On appeal by Petitioner, the Court of Civil Appeals affirmed, 411 S.W.2d 437. We reverse the judgment of both courts and remand the cause for trial for the reasons now to be stated.

The trial court's judgment contains a finding that the motion for summary judgment "was accompanied by affidavits and that an opposing affidavit had been served and was before the Court." The judgment sustaining Respondents' motion for summary judgment further recites:

" * * * [T]he Court finds that the pleadings, depositions and admissions on file, together with such affidavits show an absence of genuine issue of any material fact, * * * and that this summary judgment should be rendered for Respondents.

"It is * * * decreed that this summary judgment should be rendered for * * * Vernon L. Davis, et ux, who are entitled thereto as a matter of law,

and it is accordingly ordered, adjudged and decreed that Petitioner take nothing by reason of her petition for Bill of Review, that same is herewith in all things denied and dismissed, * * * to all of which Petitioner duly excepted and gave her notice of appeal to the Ninth Court of Civil Appeals, sitting at Beaumont, Texas."

Although the judgment recites that "depositions and admissions" were on file, the record as it actually existed before the trial court, before the Court of Civil Appeals, and as it now exists before this Court, contains no depositions or admissions, but contains only the pleadings; the motion for summary judgment; and, the supporting and opposing affidavits.[1]

■ This Court has for disposition two questions. First, do the pleadings of Petitioner state a meritorious defense? Without detailing the pleadings, Petitioner alleged that she, through fraudulent representations, agreed to the entry of the

---

1. The pertinent portion of the affidavits in support of the motion for summary judgment reads:

"That we are the mother, brother and stepfather, respectively, of Charlene E. Kollenborn Davis Hickey Crain. Vernon Keith Davis, who is two and one-half (2½) years old, is the son of the said Charlene E. Kollenborn Davis Hickey Crain. Charlene has, since October of 1961, been married on at least one occasion and is presently living with another man named Ralph Monroe Crain, who she alleges to be her husband. Within each of our knowledge, Charlene's conduct and morals, since October of 1961, including but not limited to her behavior and conduct in the presence of her minor son, has evidenced a complete disregard for morality, truthfulness and respectability, and it is each of our opinions that the welfare, training and education of Vernon Keith Davis is being disregarded by that child's mother, and that the best interest and welfare of the child would be served if

the child were placed in a respectable home where it could receive the care, affection, training and stability that a two-year old needs to be properly reared.

"In this connection, we are all acquainted with Mr. and Mrs. Vernon L. Davis of Orange, Texas, who are the paternal grandparents of Vernon Keith Davis and we know them to have a stable home, and we know them to be of fine moral character and we know them to hold much love and affection for their grandchild, and we are of the opinion that they are the proper persons to have the care, custody and control of Vernon Keith Davis.

"We have discussed with............ Attorneys-at-Law, in detail the conduct of Charlene since the date of the death of her husband, Glenn Davis, and we make this affidavit voluntarily and of our own free will and accord, and we further state that in the event that it becomes necessary, we would be willing to testify in court to the facts contained in our oral statements to........., [the attorneys for Respondents]."

judgment awarding the custody of her minor child to the Respondents. We simply hold that the Petitioner's pleadings state a meritorious defense. Petitioner alleged in her petition for Bill of Review that she was a fit and proper person to have the care and custody of her minor child. Next, there are no affidavits which provide a basis for contending that her allegations relating to fraud are untrue or insufficient as a matter of law. Therefore, the summary judgment cannot be sustained upon the ground that the Petitioner's Bill of Review pleadings fail to afford a basis for a proper defense.

We turn now to the sufficiency of Respondents' motion for summary judgment and the supporting affidavits attached to such motion. It is self-evident that the affidavits which were filed in support of the motion for summary judgment do not meet the requirement of Rule 166–A, Texas Rules of Civil Procedure, that the affidavits shall set forth such facts as would be admissible in evidence. The statements contained in the affidavits are but mere conclusions of the affiants and, therefore, would not be admissible. The facts stated in an affidavit given in support of a motion for summary judgment must be so worded that if the testimony were given from the witness stand during the trial it would be admissible. Statements contained in affidavits offered to support a motion for summary judgment that are but mere conclusions are insufficient to warrant the entry of such a judgment. "In ruling on a motion for summary judgment only admissible testimony having probative force is to be considered." See Box v. Bates, Sup.Ct. (1961), 162 Tex. 184, 346 S.W.2d 317, McDonald, Texas Civil Practice § 17.26.2; Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215 (1956).

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered remanding the cause to the trial court for trial.