**A'S VENDING, INC., and Phil N. Weinberg, Appellants,**

v.

**TEXAS BANK AND TRUST COMPANY OF DALLAS, Appellee.**

No. 5252.

Court of Civil Appeals of Texas, Waco.

June 21, 1973.

Rehearing Denied July 12, 1973.

Walker, Bishop & Larimore, John R. Lively, Ft. Worth, for appellants.

Stigall, Maxfield & Collier, John F. Maxfield, Dallas, for appellee.

HALL, Justice.

Defendants, A's Vending, Inc., and Phil N. Weinberg, appeal from a summary judgment awarding plaintiff, Texas Bank and Trust Company of Dallas, recovery on a past due note, including interest and ten percent attorney's fees provided for in the note, all in the total sum of $26,791.73, and foreclosure of a security agreement securing the note. The defendants are co-makers of the note and plaintiff is payee therein.

The summary judgment record supports the ruling of the trial court unless, as asserted by defendants in their first of three points of error, a material issue of fact is raised in the record regarding an offset that was not allowed defendants by plaintiff.

The first mention of offsets is contained in the affidavit of plaintiff's senior vice-president, Irving Hitt, which was filed by plaintiff in support of its motion for summary judgment. Referring to the note, Hitt stated: "All just and lawful offsets and credits have been allowed."

Weinberg is president of A's Vending, Inc., and signed the note in that capacity and individually. In a verified reply to plaintiff's motion for summary judgment Weinberg stated, on personal knowledge: "Plaintiff is holding the sum of Two Thousand, Nine Hundred Forty-three and 52/100 ($2,943.52) Dollars that belongs to Defendants, but Plaintiff has failed to offset this amount against the alleged amount owed on the promissory note which is made the basis of this suit."

Plaintiff argues that Weinberg's statement is a mere conclusion insofar as it asserts "that same should be offset," and is therefore insufficient to raise a question of fact. Plaintiff relies upon the well-established rule that only admissible testimony having probative force is to be considered in ruling on a motion for summary judg-

ment. See Rule 166–A, para. (e), Vernon's Texas Rules of Civil Procedure; Crain v. Davis, (Tex.Sup., 1967) 417 S.W. 2d 53, 55; Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215, 216 (1956).

We disagree with plaintiff's argument. We believe that Weinberg's testimony that plaintiff is holding a specified sum of defendants' money which was not offset against the note is sufficient to place in issue the truth of plaintiff's general assertion that all proper offsets have been made. Plaintiff is the movant. Weinberg's statement is sufficiently factual to cast upon plaintiff the burden of coming forward, if it can, with summary judgment proof which would conclusively show that it does not hold money belonging to defendants, or which would establish as a matter of law that defendants' money held by it need not or cannot be offset against the note, before the summary judgment would be proper. Accordingly, we sustain defendants' first point of error.

Defendants' remaining two points are based upon alleged affirmative defenses of usury and want of consideration. We have given careful attention to these points and the contentions argued thereunder. We find them to be without merit and they are overruled.

The judgment is reversed and this cause is remanded to the trial court.

Reversed and remanded.

## ON MOTION FOR REHEARING

Plaintiff tenders a release and remittitur of the sum of $2,943.52 (the amount defendants claim plaintiff holds that belongs to them and should be offset against the note sued upon) and moves that the judgment be reformed to provide for a recovery of $23,427.33, and, as reformed, affirmed.

The note is in the principal sum of $22,907.48. It was made on April 26, 1972, and became due July 25, 1972. It provides for interest on the principal until maturity

at 9.5% per annum and for interest thereafter at 10% per annum. Additionally, the note contains an agreement for 10% on principal and interest if suit is necessary for collection.

Plaintiff's mathematical calculation for the reformed judgment it seeks allows defendants maximum benefit of the remittitur.

Plaintiff's release and remittitur are permitted by Rule 439, Vernon's Ann.Rules Civ.Proc.; and, to that extent, plaintiff's motion for rehearing is granted. All other relief sought therein is denied.

Our former judgment of reversal and remand is set aside. We now order that the judgment of the trial court be reformed to provide that plaintiff shall recover of and from defendants, jointly and severally, the sum of $23,427.33. As reformed, the judgment is affirmed.

The costs in the trial court are taxed against appellants. The costs of this appeal are taxed against appellee. Rule 139, Vernon's Ann.Rules Civ.Proc.

Reformed and affirmed.