Dan McNeil ROTGE, Jr., Appellant.

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 15234.

Court of Civil Appeals of Texas, San Antonio.

Nov. 14, 1973.

Rehearing Denied Dec. 12, 1973.

B. J. Shepherd, Alice, for appellant.

Tom Hermansen, Jr., Corpus Christi, for appellee.

BARROW, Chief Justice.

Appellant has perfected his appeal from a take-nothing summary judgment entered in his suit to recover workmen's compensation benefits from the insurance carrier for Gus Canales, Inc., for injuries sustained on April 11, 1972, when a truck operated by appellant overturned.

Appellee urged by its motion for summary judgment that the deposition of appellant establishes that appellant was the general employee of Clyde Schuchert at the time of the accident, and was not the employee of Canales. Appellant filed his affidavit in opposition to said motion and urges that a fact issue is raised by his deposition and affidavit in support of his contention that he was a special employee of Canales at the time of the accident. The only summary judgment proof in the record is the deposition and affidavit of appellant.

It must be recognized at the outset that in moving for summary judgment, appellee assumed the heavy burden to establish as a matter of law that appellant was not the special employee of Canales at the time of the accident. This burden was stated by Chief Justice Calvert in Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.1970), as follows: ". . . the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with ref-

erence to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action."

█ It is settled that the general employee of one employer may become the borrowed or special servant of another in performing acts on behalf of the latter. J. A. Robinson Sons, Inc. v. Wigart, 431 S. W.2d 327 (Tex.1968); Producers Chemical Co. v. McKay, 366 S.W.2d 220 (Tex.1963). The solution of the difficult question of whether general employees of one employer have, in a given situation, become special or borrowed employees of another was set forth in Producers Chemical Co. v. McKay, supra, and specifically approved in J. A. Robinson Sons, Inc. v. Wigart, supra, as follows:

"Solution of the question rests in right of control of the manner in which the employees perform the services necessary to accomplishment of their ultimate obligation. If the general employees of one employer are placed under control of another employer in the manner of performing their services, they become his special or borrowed employees. If the employees remain under control of their general employer in the manner of performing their services, they remain employees of the general employer and he is liable for the consequences of their negligence." 366 S.W.2d at 225.

Appellant had been employed as a truck driver for Clyde Schuchert for several months prior to the accident and was paid a guaranteed salary of $125 per week. For a few weeks immediately prior to the accident, appellant had hauled caliche on various jobs which were being performed by Canales. At the time of the accident, appellant was hauling caliche from a pit to the Tijerina Ranch where Canales was constructing a road for Texaco. The accident occurred on a road in the Tijerina Ranch, when the load shifted and overturned after three tires blew out. The crucial issue to be determined is who had the right of control over appellant at the time of the accident. Undoubtedly, one of the most significant facts to be ascertained in determining this issue is the nature of the contract between Canales and Mr. Schuchert. As was said in *McKay*, supra: "When a contract, written or oral, between two employers expressly provides that one or the other shall have right of control, solution of the question is relatively simple." 366 S.W.2d at 226. There is no evidence in the record before us to establish the contractual relationship between Canales and Mr. Schuchert.

█ Nor can it be said that the summary judgment proof establishes as a matter of law that appellant was not the special servant of Canales at the time of the accident. While much of the affidavit of appellant consists of mere conclusions which would not be competent summary judgment proof,[1] there is competent evidence in the deposition and affidavit regarding Canales' right of control over appellant at the time of the accident. Appellant was assigned to Canales for a few weeks and had hauled caliche to various jobs for Canales. Presumably, Canales told him where he was to work each day. Appellant testified that the foreman for Canales told him when to go to work, when to eat lunch, what route to take across the ranch, and not to drive fast across the ranch. Canales' employees controlled all loading and unloading operations of appellant's truck. Furthermore, Canales' foreman changed appellant from one of Mr. Schuchert's trucks to another truck for reasons of his own. It is not shown that Mr. Schuchert was ever on this job site or that he gave any directions whatsoever to appellant regarding the performance of his work for Canales. In any event, it is not conclusive that appellant

1. See Crain v. Davis, 417 S.W.2d 53 (Tex.1967).

**564**

would probably have obeyed Mr. Schuchert over Canales' foreman in the event of a conflict of orders. J. A. Robinson Sons, Inc. v. Wigart, *supra.*

Under this record, it cannot be said that appellee met its summary judgment burden of establishing as a matter of law that, at the time of the accident, appellant was not a special or borrowed servant of Canales. Therefore, the trial court erred in granting appellee's motion for summary judgment and entering the take-nothing judgment.

The judgment of the trial court is reversed and the cause remanded to trial.