**Neda Dolores MASSEY, Appellant,**

v.

**AZTEC LIFE INSURANCE COMPANY, Appellee.**

No. 17676.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 23, 1976.

George G. Barber, Arlington, for appellant.

Rivera & Ritter, and Robert F. Ritter, San Antonio, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment granted in favor of the insurance company in a suit by a policyholder for medical expenses incurred.

We reverse and remand.

The insurance company had issued a master policy providing accident and health insurance coverage to the Texas Independent Automobile Dealers Association, Inc. Insurance Trust Fund, its members and their employees.

Plaintiff went to work for one of its insured members on May 1, 1972. By payroll deductions her employer, during the month of May, 1972, deducted from plaintiff's pay the premium for her coverage for

the month of June, 1972. The insurance company received this premium and admits coverage for that month. It issued a certificate of insurance covering plaintiff and her dependent, effective June 1, 1972. The premium for July coverage was paid to the insurance company, partly by payroll deductions and in part by check from plaintiff to her employer.

On June 26, 1972, plaintiff worked 6 hours and left her employment early, advising her employer that she was ill. On July 3, 1972, she advised her employer that because of illness she would not be able to continue her employment and officially terminated her employment on that date. She and her dependent daughter were both insured. Both incurred medical expenses in July, 1972, and plaintiff incurred additional medical expenses in October, 1972. Because of her illness plaintiff was totally disabled from June 26, 1972, until March 19, 1973, when she went to work for another employer.

The pertinent terms of the insurance policy (Policy No. GA&H 1004) here involved are as follows:

Part VII entitled, "Grace Period", provides: ". . . a grace period of thirty-one days will be granted for the payment of any premium after the first premium, during which grace period the Policy shall continue in force."

Part III entitled, "Termination of Individual Insurance", provides: "The insurance of the Insured Person shall immediately terminate on the earliest of the following dates . . . (3) the date the insured employee leaves or is dismissed from the employment of the Employer . . .."

The Major Medical Policy Rider, paragraph C, provides as follows: A benefit period terminates on ". . . the date on which the Insured Person's insurance is terminated, except as provided in the coverage after termination of insurance provision of this Rider."

Another section of the Major Medical Rider provides:

## "PRE–EXISTING CONDITIONS

"If an injury or sickness causing loss shall have occurred prior to the effective date of an Insured Person's insurance under this Rider such injury or sickness shall nevertheless be covered under this Rider (a) after a period of three consecutive months ending while the person is insured hereunder during which no expenses for the injury or sickness have been incurred, or (b) after an insured employee has been insured and continuously at full time active work for the Employer for at least six months, or (c) after an Insured Person has been insured hereunder for twelve consecutive months, whichever is earliest, and then only those Eligible Expenses incurred after the injury or sickness becomes covered will be considered for benefits. . . .

## "COVERAGE AFTER TERMINATION OF INSURANCE

"A. If the Major Medical Insurance of any Insured Person terminates *due to failure to pay premiums* when due or at the request of the Employer, the Major Medical coverage for the Insured Person whose insurance so terminates will be extended as described below:

"1. If such Insured Person is wholly and continuously disabled and under the care of a Physician, for reasons other than pregnancy, at the time of such termination of insurance, coverage for such Insured Person pertaining solely to the illness which caused such disability will be extended, to the extent such coverage would have been provided had termination not taken place, during such disability while under such care, but not beyond 180 days following the date such termination of insurance occurs.

"   .   .   .

"B. If the Major Medical Insurance of any Insured Person terminates *for any reason* except (1) his Individual Maximum Benefit has become payable, or (2) this policy

terminates due to failure to pay premiums when due or at the request of the Employer, the Major Medical coverage for the Insured Person whose insurance so terminates will be extended as described below.

"1. If such Insured Person is wholly and continuously disabled and under the care of a Physician, for reason other than pregnancy, at the time of such termination of insurance, coverage for such Insured Person pertaining solely to the illness which caused such disability will, to the extent such coverage would have been provided had termination not taken place, be extended during such disability while under such care, but not beyond the end of the calendar year next following that in which such termination occurs." (Emphasis ours.)

Plaintiff, in her brief, attacks each and every ground upon which the trial court could have rendered a summary judgment under the record in this case.

■ Plaintiff assigns only one point of error, that being: "The trial court erred in granting appellee's motion for summary judgment for the reason that the pleadings, exhibits, answers to interrogatories, admissions of fact, and deposition in this record establish that there is a genuine issue of material fact." In plaintiff's statement, argument and authorities, she contends that the defendant, as movant in the summary judgment proceedings, had failed to meet its burden of proof in that it failed to show there was no genuine issue as to any material fact and that the defendant was entitled to a judgment as a matter of law.

The insurance company objected to appellant's first point of error on the grounds that it was overly general, vague, and multifarious, and therefore did not comply with Rule 418, T. R. C. P.

In view of the holding in *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.Sup., 1970) we are required to consider this point of error.

■ This objection is overruled based on the above cited authority and for the additional reason that it is now settled that even if the point urged is too general to comply with Rule 418, T. R. C. P., if the statement, argument, and authorities under the point do point out the particular things that are claimed to constitute reversible error, the appellate court will consider them. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943).

The insurance company, as movant, had the burden of complying with the requirements of Rule 166–A, T. R. C. P., which provides in part that a summary judgment shall be granted if it is shown "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ It is settled that the question on appeal and in the trial court is not whether the summary judgment proof raises fact issues with reference to essential elements of the cause of action, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.Sup., 1970); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176 (Tex.Sup., 1972).

■ The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against it. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company,* supra; *Parrott v. Garcia,* 436 S.W.2d 897 (Tex.Sup., 1969); *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41 (Tex.Sup., 1965).

The first point involved is whether or not as a matter of law the policy lapsed, or coverage ceased, solely by reason of plaintiff terminating her employment on July 3, 1972, and therefore her medical expenses incurred in July, 1972, were incurred after

the policy lapsed, even though her premium was paid for coverage during July and even though the grace period provision extended coverage at least through that month.

Except for the effect of her deposition testimony that she was disabled from June 26, 1972, to March 19, 1973, she would have no coverage after July 3, 1972, because she terminated her employment on that date.

The mere fact that premiums were paid and received by the insurance company covering a period of time extending beyond the termination of employment under the terms of this policy does not have the legal effect of extending the policy coverage, unless the coverage is extended by other provisions of the policy. *De Pauw v. Aetna Life Ins. Co.,* 268 S.W.2d 734 (Texarkana, Tex.Civ.App., 1954, no writ hist.); *Mutual L. I. Co. of N. Y. v. Presbyterian Hosp. of Dallas,* 503 S.W.2d 870 (Dallas, Tex.Civ.App., 1973, ref., n. r. e.).

Section B(1) of "Coverage After Termination" of the Major Medical Rider, quoted herein, provides that if the insurance of any insured person terminates for *any reason except* the person has received all his benefits or failed to pay his premiums when due then the coverage for the insured person will be extended if such person, at the time of such termination, is wholly and continuously disabled. This language limits the extended coverage for such insured person pertaining solely to the illness which caused such disability and with a time limitation of not beyond the end of the calendar year following the termination, which in this case would be December, 1972.

The insurance company then had the burden of proving that neither the plaintiff nor her daughter had an injury or sickness causing the loss which occurred prior to June 1, 1972, and that at the time plaintiff terminated her employment she was not wholly and continuously disabled and that, if she was, the illness for which medical expenses were incurred was not the same illness which caused such disability.

The burden the insurance company had here is expressed in Rule 166–A, quoted above.

Plaintiff testified in her deposition to facts indicating that the insurance was extended because of her disability and that it was not pre-existing. The insurance company contends that the appellate court cannot consider her disability as having the effect of extending coverage because this contention is raised for the first time on appeal.

Ordinarily, if the record shows an amendment of pleadings would render movant's position untenable, motion should be denied. In *Womack v. Allstate Insurance Company,* 156 Tex. 467, 296 S.W.2d 233 (1956) it is stated: "The trial court will normally look to the pleadings to determine the issues that may exist in the case, but when the depositions, admissions or affidavits disclose facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable under the substantive law it cannot be said that the latter has established his right to judgment as a matter of law." See also *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.Sup., 1972).

This fact issue concerning disability and extended coverage was raised when the insurance company took plaintiff's deposition, which deposition was relied upon by the insurance company as a part of its summary judgment proof. We hold that the movant failed to meet its burden of proof on this issue.

The plaintiff next urges that the movant failed to meet its burden of proof that plaintiff was not covered because she suffered a pre-existing illness and therefore was excluded from coverage because of the "pre-existing" clause quoted herein. Plaintiff urges that the summary judgment proof in this case discloses a fact issue was raised on this issue and plaintiff was not precluded from a recovery for medical expenses as a matter of law.

We sustain this contention.

On this issue the insurance company relied on plaintiff's testimony contained in her deposition in which she testified she had had her tubes tied in September, 1971; had intermittent pain in her side since then; and was hospitalized on July 18, 1972. She then testified that the doctor told her that she was being hospitalized to find out why she was having pain in her side and the doctor told her that she had some sort of female genital disorder; that she might at sometime in the future need surgery but he had rather try something else first; a hysterectomy was done October 3, 1972; she terminated her job because of nervousness and her doctor told her that he was of the opinion that the nervousness was because of the job related pressure.

■ Ordinarily, the question of whether a disability or illness is pre-existing as it is applied to exclusionary provisions of an insurance policy is a question of fact for the jury. *American Life and Accident Insurance Co. v. Smith,* 380 S.W.2d 36 (Tyler, Tex.Civ.App., 1964, no writ hist.); *Combined Insurance Company of America v. Thompson,* 380 S.W.2d 142 (Amarillo, Tex. Civ.App., 1964, no writ hist.).

■ The summary judgment evidence upon which the insurance company relies on this point is both hearsay and opinion testimony, it being what the doctor told her as being his opinion.

■ In *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317 (1961) that court held that only admissible testimony having probative force is to be considered and this rules out summary judgment proof based on hearsay. See also *Crain v. Davis,* 417 S.W.2d 53 (Tex. Sup., 1967).

■ Opinion testimony of an expert witness is not binding upon the trier of facts and will therefore not support a summary judgment. *Broussard v. Moon,* 431 S.W.2d 534 (Tex.Sup., 1968).

This contention of plaintiff is sustained.

The insurance company contends that plaintiff is estopped from claiming any benefit under the policy because the insurance company refunded to her former employer, after she terminated her employment, the insurance premium for the month of July.

Plaintiff, by way of deposition, testified that she did not know such refund had been made. She had not received the refund and was not aware of it.

"It is an indispensable requisite that the party sought to be estopped had knowledge of the material facts at the time of the act or omission claimed to constitute the estoppel. Therefore, the defendant is not estopped where the evidence shows that he did not mislead or deceive the plaintiff knowingly, intentionally, wilfully, or culpably." 22 Tex.Jur.2d 676, "Estoppel", Sec. 12, "Knowledge on part of party estopped".

The insurance company, in answer to interrogatories, stated: it was notified by her employer that she had terminated her employment on June 26, 1972; in the month of July the insurance company accepted the premium for July; the insurance company admitted that it had timely and duly received notice of the claim and proof of loss; this suit was filed February 14, 1973; the defendant answered March 15, 1973, and filed its amended answer on August 22, 1973, alleging that plaintiff was estopped from claiming any benefit under the policy because she had accepted the benefit of a refund of the July premium made to her former employer; on December 17, 1974, plaintiff served interrogatories on defendant and on January 13, 1975, in answer to interrogatory No. 17, the insurance company admitted that the premium for July, 1972, which it received in July, 1972, was refunded to plaintiff's former employer on September 13, 1973, three weeks after it had filed its amended answer in this case.

It is our opinion, under these facts, that plaintiff was not estopped, as a matter of law, from maintaining this suit because of said refund about which she had no knowl-

edge; and thus the insurance company failed to meet its burden of proof.

Judgment reversed and cause remanded.