# NO. 12-22-00080-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF A.C.P.C.,* | § | *APPEAL FROM THE 410TH* |
| *A CHILD* | § | *JUDICIAL DISTRICT COURT* |
| | § | *MONTGOMERY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Menninger Clinic appeals from an order in a suit to modify a parent-child relationship. In a single issue, it contends the order improperly binds it because it is not a party to the lawsuit. We modify and affirm as modified.[1]

## BACKGROUND

A.C.P.C. is the daughter of K.P. and D.C. In 2013, the trial court entered an agreed order in a suit affecting the parent-child relationship (SAPCR) appointing K.P. and D.C. joint managing conservators. In March 2021, K.P. filed a petition to modify the parent-child relationship requesting all rights and duties of a sole managing conservator. The trial court issued a temporary restraining order that excluded D.C. from possession of and access to A.C.P.C. An amicus attorney was later appointed to protect A.C.P.C.'s legal interests.

At the time of the filing of the petition to modify, A.C.P.C. was receiving inpatient psychiatric treatment at Menninger. Therefore, K.P. served several Menninger therapists with subpoenas to produce documents and testify at trial. However, prior to trial, K.P., D.C., and the amicus attorney reached a mediated settlement agreement (MSA). Under the terms of the MSA,

---

[1] This case was transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas, pursuant to a docket equalization order. See Tex. Gov't Code Ann. § 73.001 (West 2013).

K.P. would be appointed sole managing conservator and D.C. possessory conservator. With regard to D.C.'s possession schedule, the MSA provides in pertinent part:

> Father shall have possession of the child pursuant to the following schedule, provided that possession by Father is agreed upon by the parties, the child's therapist/team at the Menninger Clinic, and any reunification therapist then working with the child. If the parties are not in agreement, the child's therapist/team at Menninger Clinic and the reunification therapist shall be the tiebreaker to determine whether or not the possession period as set forth herein between Father and child should occur.

The MSA was signed by K.P., D.C., the amicus attorney, and the mediator. Menninger did not participate in the mediation and did not sign or agree to the MSA.

The parties submitted an agreed order adopting the MSA. When Menninger learned of the proposed agreed order, it wrote a letter to the trial court requesting it deny the order. Menninger explained:

> Menninger was neither asked to serve as a "tiebreaker" nor is it willing to do so. In fact, serving as a tiebreaking vote in a custody dispute could very likely be damaging to the doctor-patient relationship. Accordingly, Menninger respectfully requests that the Court not sign the Order. In addition, Menninger respectfully requests that no custody order entered in this case require Menninger to take an active part in custody decisions or to serve as a tiebreaking vote in custody disputes. Menninger does not and will not perform this role.

The trial court signed the order prior to receiving the letter.

After the parties refused to file a motion to set aside the order, Menninger wrote another letter to the trial court explaining its position and requesting relief. When the trial court refused relief, Menninger filed a motion to modify the judgment to remove references to Menninger in the trial court's order. The trial court again refused to take action. This appeal followed.

### JUDGMENT

In its sole issue, Menninger urges that the trial court erred in rendering judgment against Menninger because it was not a party to the SAPCR.

A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child. TEX. FAM. CODE ANN. § 156.001 (West 2014). The court may modify such an order if doing so "would be in the best interest of the child" and upon a showing of a material and substantial change in circumstances. *Id.*

§ 156.101. Because the "trial court is given wide latitude in determining the best interest of a minor child," we review a modification order under an abuse of discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *King v. Lyons*, 457 S.W.3d 122, 126 (Tex. App–Houston [1st Dist.] 2014, no pet.).

Judgment shall not be rendered against one who was neither named nor served as a party defendant. *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995) (citing TEX. R. CIV. P. 124.) An exception exists when a person waives service by making a general appearance before the court. *Werner*, 909 S.W.2d at 869-70; *Bates v. Smith*, 289 S.W.2d 215, 216 (Tex. 1956) (citing *St. Louis & S.F.R. Co. v. Hale*, 206 S.W. 75 (Tex. 1918)); *see* TEX. R. CIV. P. 120, 124.

Menninger was not a party to the lawsuit. It was not served with process. And it did not participate in the underlying lawsuit or the mediation. However, the trial court's judgment incorporates the terms of the MSA, which requires Menninger to operate as a "tiebreaker" in a custody dispute. Menninger represents that it was never requested to serve this function. And Menninger did not agree to this role. In fact, it requested several times to not be placed in that role. Because the judgment includes an entity that was not named in the pleadings and was not a party to the lawsuit, the trial court abused its discretion in the entry of that portion of the order. *See Greiner v. Jameson*, 865 S.W.2d 493, 501 (Tex. App.—Dallas 1993, writ denied). We sustain Menninger's sole issue.

## DISPOSITION

Having sustained Menninger's sole issue, we *modify* the trial court's judgment to delete the portions requiring Menninger to participate in the possession dispute and *affirm* the judgment *as modified.*

BRIAN HOYLE
Justice

Opinion delivered August 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-22-00080-CV**

**IN THE INTEREST OF A.C.P.C., A CHILD**

---

Appeal from the 410th District Court

of Montgomery County, Texas (Tr.Ct.No. 10-10-11310-CV)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the portions requiring Menninger Clinic to participate in the possession dispute; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*