**Connie L. FARLEY, Appellant,**

**v.**

**PRUDENTIAL INSURANCE COMPANY et al., Appellees.**

**No. 561.**

Court of Civil Appeals of Texas, Tyler.

May 27, 1971.

Rehearing Denied June 17, 1971.

Carter, Callender & Branton, Jonathan Sox, San Antonio, for appellant.

John R. Bryant, Dallas, for appellee, Burleson.

MOORE, Justice.

Prudential Insurance Company of America instituted this suit as an interpleader ac-

tion against Connie L. Farley and Rhonda Lavon Riley Burleson seeking to require them to interplead and settle between themselves the rights to certain death benefits due under a policy of life insurance upon the life of John H. Farley, deceased. The policy was issued by Prudential to Lieutenant John H. Farley under the provisions of the Servicemen's Group Life Insurance Act, 38 U.S.C., sec. 765, et seq. Prudential tendered the face amount of the policy in the amount of $10,000.00 into the Registry of the Court and filed a motion for summary judgment praying for its discharge from liability. The dispute is between Connie L. Farley, appellant, and Rhonda Lavon Riley Burleson, appellee, over the proceeds of the policy.

The record shows that at the time Lieutenant Farley initially took out the policy, he was not married. He designated appellee, Rhonda Lavon Riley, a friend, as the beneficiary. This designation was made on October 10, 1967, and was the only formal designation of a beneficiary on file with the United States Army at the time of his death.

Appellant, Connie L. Farley, answered interpleader suit alleging that on December 2, 1968, subsequent to the time of the formal designation of Rhonda Lavon Riley as beneficiary, she and Lieutenant Farley were married in Hawaii while he was there on a recreational leave; that shortly thereafter Lieutenant Farley returned to the war zone in Viet Nam and was later killed in action. She further alleged that after his return to Viet Nam, he executed the necessary change of beneficiary forms designating her as the beneficiary of the Servicemen's Group Life Insurance Policy and later wrote her a letter to that effect. She alleged that the Army had misplaced the change of beneficiary form, or that it had been otherwise lost or destroyed in the combat zone. In the alternative, she alleged that Lieutenant Farley did everything that was reasonably necessary under the circumstances to implement his intent to change the beneficiary of the policy to

her and therefore she was entitled to the proceeds of the policy.

Appellee, Rhonda Lavon Riley Burleson, in reply to the interpleader action, alleged that since the Army records show that she was designated as the beneficiary, she was entitled to the proceeds. She moved for a summary judgment and attached a copy of the instrument executed by Lieutenant Farley designating her as the beneficiary. In reply to the motion for summary judgment, appellant, Connie L. Farley, filed her affidavit and attached a letter from Lieutenant Farley written after he returned to Viet Nam wherein he advised her that he had changed all of his allotments and had also made her the beneficiary of his insurance. She also offered the testimony of two officials in the United States Army stationed in Viet Nam. Jesse C. Morrisett, a Chief Warrant Officer in the U.S. Army stationed in Dong Tam, Viet Nam, who was in charge of the personnel files testified that when Lieutenant Farley returned from Hawaii, he came to his office and advised him that he had been married and wanted to change his allotments to his wife and also wanted to change the beneficiary on his Servicemen's Group Life Insurance policy to his wife; that he executed the necessary instruments changing his allotments but found that he did not have the necessary forms for changing the beneficiary on the insurance policy. He testified that he sent Lieutenant Farley to the offices of the Judge Advocate General in Dong Tam so that the necessary form could be prepared and never saw him again. Sergeant Edward Bill testified that during the period from November 1st to the 15th of December, 1968, he was Chief Legal Clerk in the office of the Judge Advocate General stationed in Dong Tam and during that time he remembered a lieutenant in the cavalry unit coming to his office and requesting assistance in changing the beneficiary on his insurance; that during the conversation the lieutenant stated that he had just returned from Hawaii where he had married and wanted to change the beneficiary on

his insurance to his wife. He testified that after the form had been typed, the lieutenant executed the form in his presence and that he personally took it and turned it over to a captain in the offices of the Judge Advocate General. Nowhere in his testimony, however, does he state that the lieutenant in question was Lieutenant John H. Farley. When asked if he could remember anything about the appearance of this lieutenant he replied that he was "a little light complected" and was "anywhere from about five-nine to six feet and maybe a little taller." Appellant offered evidence showing that Lieutenant John H. Farley was approximately 5 feet, 9 inches tall and was of light complexion. There is no evidence in the record showing the number of lieutenants stationed in the Dong Tam area at the time in question. It is undisputed that no written change of beneficiary form could be found in the offices of the United States Army after his death and that the beneficiary form designating Rhonda Lavon Riley was the only such instrument on file with the U. S. Army.

After a hearing, the trial court granted appellee a summary judgment awarding her the proceeds of the policy. The court also granted Prudential's motion for summary judgment discharging it from liability. Appellant Connie L. Farley duly perfected this appeal.

Appellant contends that the trial court erred in entering summary judgment in favor of appellee because the evidence produced by her was sufficient to create three disputed fact issues, to-wit: (1) whether or not Lieutenant Farley actually executed the formal change of beneficiary form, (2) whether or not Lieutenant Farley intended a change of beneficiary from appellee to appellant, and (3) whether or not Lieutenant Farley had done all he reasonably could do under the circumstances to accomplish the change of beneficiary.

The Federal Statute relating to the designation of beneficiaries in Servicemen's Group Life Insurance policies is to be found at 38 U.S.C., sec. 770(a). That section provides:

"(a) Any amount of insurance under this subchapter in force on any member or former on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received in the uniformed services prior to such death; * * *."

■ Since this is an appeal from an order sustaining a motion for summary judgment pursuant to Rule 166-A, T.R.C.P., we are required to review the record in a light most favorable to the party opposing the motion and accept as true all evidence tending to support his position. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954); Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957).

■ Appellant argues first that a summary judgment was improper because the evidence raises a disputed fact issue with reference to whether or not Lieutenant Farley had actually complied with the statute, i. e., whether he actually executed a writing designating his wife as beneficiary which was received by the U. S. Army. In this connection appellant argues that the testimony of Sergeant Bill shows that Lieutenant Farley actually changed the beneficiary or was at least sufficient to create a disputed issue of fact. We are not in accord with this proposition.

The fact issue which appellant sought to establish involves the question of whether the person who signed the change of beneficiary before Sergeant Bill was Lieutenant John H. Farley. Consequently our problem is to determine whether there is any evidence of probative force raising an issue upon whether such person was Lieutenant

John H. Farley. While the testimony of Sergeant Bill may have been sufficient to show that a lieutenant in the 9th Cavalry Unit stationed in Dong Tam executed an instrument changing the beneficiary of his insurance to his wife, we do not believe the evidence is of sufficient probative force to raise the issue of identity.

The process of identification operates by comparing common marks, found to exist in two supposed objects of thought, with reference to the possibility of their being the same. Where a certain circumstance, feature or mark, may commonly be found associated with a number of objects, the presence of that feature or mark in two supposed objects is little indication of their identity. But where the objects possessing the mark are only one or a few, and the mark is found in two supposed instances, the chances of the two being different are "nil" or comparatively small. "Hence in the process of identification of two supposed objects, by a common mark, *the force of the inference depends on the degree of necessariness of association of that mark with a single object*." (Emphasis theirs). Wigmore on Evidence, Third Edition, Volume II, Section 411.

Proof of personal identity, like any other proof, is based upon facts which have a legitimate tendency to lead the mind to the conclusion that the fact to be proved exists. The proven facts, however, must do more than merely suggest the conclusion. The proven facts must be of such impelling force that it is reasonable to assume that the disputed fact is true. Fox v. Grand Union Tea Co., 236 S.W.2d 561 (Tex.Civ. App., Austin, 1951, mandamus overruled). This is to say that for circumstantial inferences to be probative, the circumstances relied upon must support the inference beyond mere surmise or suspicion. Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S.W.2d 669, 673 (1935); Bledsoe v. Yarborough, 422 S.W.2d 222 (Tex.Civ.App., Tyler, 1967, writ ref., n. r. e.).

As far as we know, there could have been more than one cavalry lieutenant in Dong Tam who had recently been married in Hawaii and who had the same complexion and approximate height of Lieutenant Farley. While the degree of necessariness of association between Lieutenant Farley and the person described by Sergeant Bill is suggestive, it fails to carry us forward to the conclusion that the lieutenant described by Sergeant Bill was one and the same person as Lieutenant John H. Farley. It is our opinion that the identification evidence raises no more than a surmise or suspicion. It therefore follows that such evidence is not of sufficient probative force to prove the fact or to create an issue of fact as to whether the person who appeared before Sergeant Bill was one and the same person as Lieutenant John H. Farley.

Alternatively, appellant argues that even though the proof is not sufficient to show that Lieutenant Farley executed a written instrument changing his beneficiary, a summary judgment was nevertheless improper because the evidence raises a disputed issue of fact upon the question of whether Lieutenant Farley substantially complied with the statute. She argues that by manifesting an intent to change his beneficiary, and by doing everything within his power to accomplish a change, he substantially complied with the statute and it should therefore be held that he effectuated the change. In support of this proposition, she cites Mitchell v. United States, 165 F.2d 758 (5th Cir., 1948); Hawkins v. Hawkins, 271 F.2d 870 (5th Cir., 1959); Smith v. United States, 421 F.2d 634 (5th Cir., 1970). In reply, appellee maintains that substantial compliance is not sufficient. She contends that the foregoing statute must be literally construed, and since there is no evidence of probative force showing it was Lieutenant Farley who executed a written change of beneficiary, she was the only properly designated beneficiary and was entitled to the proceeds of the policy, citing Stribling v. United States, 419 F.2d 1350 (8th Cir., 1969). We are of the opinion that this contention must be sustained.

The facts in the Stribling case are somewhat similar to the facts in the present case. In that case, the serviceman took out a Servicemen's Group Life Insurance policy and designated his wife as beneficiary. The formal designation was on file with the U. S. Army at the time of his death. Prior to his death he executed a formal change of beneficiary designating his mother as beneficiary and sent her a carbon copy thereof. This instrument, however, was never filed in the offices of the Uniformed Services (U. S. Army) as required by the statute. After reviewing the legislative history of the statute, the court concluded that Congress intended a literal compliance with the statute. The court then held that since the change of beneficiary form had not been properly received in the office of the Advocate General of the Department of the Army (Uniformed Services), no change in beneficiary of the deceased serviceman had been effectuated.

Since the insurance policy in this instance was made available to Lieutenant Farley by federal legislation, the construction of the statute involves a question of federal law. Consequently, the construction placed on the statute in Stribling v. United States, supra, holding that substantial compliance is not sufficient, is controlling. Mitchell v. Mitchell, 448 S.W.2d 807 (Tex.Civ.App., Houston, 1st District, 1969, writ ref., n. r. e.).

While the cases relied on by appellant do hold that a change of beneficiary may be effectuated by proof that the serviceman intended the change of beneficiary and that he performed some overt act directed toward accomplishing that end, the cases cited by appellant involve National Service Life Insurance policies issued under the provisions of 38 U.S.C., sec. 701, et seq. The rule announced there is no longer followed in cases involving Servicemen's Group Life Insurance policies. Stribling v. United States, supra; 5 U.S.C., sec. 8705 (a).

There being no probative evidence that Lieutenant Farley executed an instrument changing his beneficiary which was received in the offices of the Uniformed Services prior to his death, we hold no change of beneficiary was effectuated in compliance with 38 U.S.C., sec. 770(a), and therefore appellee Rhonda Lavon Riley Burleson became entitled to the proceeds of the policy.

Accordingly, the judgment of the trial court is affirmed.