J. N. BRIDWELL, Appellant,

v.

C. D. LONG et al., Appellees.

No. 8451.

Court of Civil Appeals of Texas, Amarillo.

April 8, 1974.

Rehearing Denied May 6, 1974.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, Jerry F. Lyons, Amarillo, for appellant.

Fike & Hunter, William Hunter, Dalhart, for appellees.

REYNOLDS, Justice.

Plaintiff J. N. Bridwell brought suit against several defendants to establish his title by adverse possession to 240 acres of land in Sherman County, Texas. The trial court entered an interlocutory summary judgment against plaintiff as to 220 acres and, after defendants disclaimed as to the remaining tract of 20 acres, the court entered a final judgment incorporating the summary judgment and vesting title to the 20-acre tract in plaintiff. Plaintiff submits, and we agree, that the summary judgment proof fails to support the judgment as to the 220 acres of land in controversy. Affirmed in part; reversed and remanded in part.

The land in controversy is a part of Section 90, Block 1–C, GH&H R.R. Co. Survey in Sherman County, Texas. The section was grassland and was divided into thirty-two tracts of twenty acres each. About 1937, plaintiff Bridwell purchased two of the 20-acre tracts that are not contiguous to each other. Four of the 20-acre tracts, one of which borders the east side of the section, are owned by the Bivins. The Parmalies own fourteen of the tracts totalling 280 acres. The remaining twelve tracts, aggregating 240 acres, are the subject matter of this litigation.

In or prior to 1938, Bridwell leased Section 89 which is north of, adjacent to, and in the same survey as, Section 90. At that time, the two sections were separated by a fence. In 1938, Bridwell leased the 280 acres owned by the Parmalies and at some undisclosed date, Bridwell exchanged the use of some of his grassland outside the section for the use of the Bivins' grassland in Section 90.

Upon leasing the Parmalie land, Bridwell removed the then existing fence between Sections 89 and 90 and placed it along the east side of Section 90, except for the portion of the Bivins' 20-acre tract adjacent to the east boundary which was fenced around and excluded. He repaired the old two- or three-wire fence on the west side of Section 90 and made it a four-wire fence. He built a new four-wire fence on the south side of the section. The result of this fencing was to enclose Sections 89 and 90, except for the Bivins 20-acre tract on the east side of Section 90, under one fence. Bridwell's cattle grazed both sections each and every year thereafter until 1959 or 1960.

On May 1, 1957, defendant C. D. Long, whose deposition testimony is that he claims title under deeds he began to acquire in the late 1940s or the early 1950s, wrote Bridwell a letter, which referred to an enclosed plat showing the grassland Long owned in Section 90, offering to lease the land to Bridwell for two years for $300.00. Bridwell's check for that amount was accepted by Long.

In 1959 or 1960, defendant C. D. Long built a fence enclosing most of the 240

acres in controversy. Bridwell filed his suit in 1964, seeking fee simple title to the 240 acres, although on appeal he asserts his title to the surface only. The depositions of Bridwell and Long were taken in 1969. In his deposition Bridwell stated that he claimed title to one of the included 20-acre tracts, legally described as the S/2 of the NE/4 of the SW/4 of Section 90, Block 1–C, GH&H R.R. Co. Survey in Sherman County, Texas, by a deed he acquired about 1964.

In 1971, defendants moved for summary judgment and, in February of 1972, the court entered the interlocutory take-nothing summary judgment as to all the land except for the 20-acre tract to which Bridwell claimed title under deed. In 1973, the defendants who had not been dismissed from the lawsuit disclaimed as to the 20-acre tract, and the court entered the final judgment from which this appeal is taken.

Appellees argue that Bridwell's summarized deposition testimony that he fenced the whole of Section 90 in order to use the Parmalie land, that he did not demand royalty on the mineral production or pay taxes on the land, that he cash leased the land from defendant Long for two years, and that he did nothing else that would show the public or the record owners that he claimed the land adversely, established a "casual and undesigned" fencing of the disputed 220 acres as the only practical way to use the lands owned and leased in the section and negated adverse possession. Appellees conclude that the summary judgment is sustainable on the principle enunciated in McDonnold v. Weinacht, 465 S.W. 2d 136 (Tex.1971), that the enclosure of acreage as the result of construction of fences built for another purpose does not constitute possession that will ripen into title by limitation.

■ However, the summary judgment proof before the court reveals that Bridwell further deposed, consistent with his claim of title by limitation, that he fenced the land in 1938, maintained the fences and grazed the land each year until 1959 or 1960 when Long fenced most of the property, and that he openly, visibly and exclusively possessed and used the land for more than twenty years with the intent to hold it as the owner and to claim it by limitation. It is also the rule, as recognized in *McDonnold,* that a claimant who builds and maintains fences for the enclosing of land and grazes the same continuously may be in adverse possession.

■■ In a summary judgment proceeding, it is not the prerogative of the court to judge the credibility of, or to determine the weight to be assigned to the testimony given by, the affiants. Rather, the determinant is whether, disregarding all conflicts in the evidence and accepting as true the evidence which tends to support the position of the party opposing the motion, the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Farley v. Prudential Ins. Co., 480 S. W.2d 176 (Tex.1972).

■ Applying these standards, the summary judgment record does not establish as a matter of law that, and there remains undetermined the material fact issue whether, Bridwell's fencing was a "casual and undesigned" enclosure of the acreage in controversy resulting in "incidental" grazing. Consequently, in this respect, the judgment must be reversed and remanded.

That part of the judgment vesting title to the S/2 of the NE/4 of the SW/4 of Section 90, Block 1–C, GH & H R.R. Co. Survey in Sherman County, Texas, in plaintiff J. N. Bridwell is affirmed. The cause of action pertaining to the remaining 220 acres is severed, and that part of the judgment summarily disposing of plaintiff's claim thereto is reversed and remanded.