John J. McEWEN, Jr., Independent
Executor of the Estate of Bessie
McEwen Spence, Appellant,

v.

Joe Dudley PACE, Appellee.

No. 15503.

Court of Civil Appeals of Texas,
San Antonio.

April 28, 1976.

Jack Pasqual, Law Office of Pat Maloney, San Antonio, for appellant.

Morris E. Belilove, Houston, for appellee.

CADENA, Justice.

Plaintiff, John J. McEwen, Jr., independent executor of the estate of Bessie McEwen Spence, appeals from a summary judgment rendered in favor of defendant, Joe Dudley Pace.

Plaintiff sought damages arising from the alleged fraud of defendant. According to plaintiff's petition, defendant, who had acted as the stockbroker of plaintiff's decedent during her lifetime, fraudulently appropriated to his own use stocks and other securities belonging to such decedent, who died on November 1, 1966. The defendant's motion for summary judgment was based on the theory that plaintiff's suit, which was filed on September 19, 1973, was barred by limitations, since the cause of action asserted by plaintiff arose no later than November 1, 1966.

Defendant's affidavit attached to his motion for summary judgment asserted that defendant was present when plaintiff's dep-

osition was taken, and that during the course of such deposition plaintiff stated that he had talked to defendant about stock owned by decedent, and that defendant had refused to give details as to the alleged sale of such stock. The affidavit recited that plaintiff had in fact questioned defendant concerning stocks owned by the decedent and that defendant did in fact refuse to give plaintiff any information. The inquiries by plaintiff and the refusal to divulge information by defendant occurred "shortly after November 1, 1966."

In answer to the motion for summary judgment plaintiff alleged defendant had willfully and consciously concealed his fraudulent acts from plaintiff, and that plaintiff "could not by the exercise of reasonable care and diligence discover said fraud until it was discovered by him in the year 1973, shortly before he filed suit against" defendant. Plaintiff alleged that he made the efforts "of an ordinary prudent person in discovering such fraud, but could not have discovered same prior to 1973." This reply was supported by plaintiff's affidavit to the effect that he had not discovered the true facts until 1973, and that before that time he had no reason to suspect defendant.

In his deposition plaintiff stated that he had no indication of the nature of defendant's conduct until 1973; two persons told him, by telephone, that the sale of the stocks "was not proper" and that decedent "had not been treated properly in the matter."

In his second amended original answer to plaintiff's suit defendant alleged that plaintiff, in his capacity as independent executor, "signed and filed a final accounting, in which accounting the property which is the subject matter of this cause was not listed, nor was a possible claim against this Defendant listed as property belonging to the estate, and that therefore Plaintiff has waived any claim to said property. . ."

■ Statutes of limitation do not begin to run in cases based on fraud until the plaintiff has discovered the fraud or has learned facts sufficient to put a person of ordinary prudence on inquiry which, if diligently pursued, would lead to a discovery of the true facts. *Susanoil, Inc. v. Continental Oil Company,* 519 S.W.2d 230 (Tex.Civ.App. —San Antonio 1975, writ ref'd n. r. e.). The mere fact that plaintiff had an opportunity to investigate is not sufficient to charge him with knowledge as a matter of law. It is necessary that he be aware of facts which would have caused the ordinary intelligent and prudent man to investigate. *Bush v. Stone,* 500 S.W.2d 885 (Tex.Civ. App.—Corpus Christi 1973, writ ref'd n. r. e.).

■ The burden was on defendant, as movant for summary judgment, to establish his affirmative defense of the statute of limitation as a matter of law. Stated in traditional summary judgment language, it was incumbent on defendant to establish the absence of any material issue of fact as to the essential elements of his defense. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176 (Tex.1972). Even if it be assumed that defendant's motion and affidavit would be sufficient, if uncontroverted, to establish the defense as a matter of law, plaintiff's reply, supporting affidavit and deposition were sufficient to raise an issue of fact as to the time when plaintiff discovered, or, by the exercise of reasonable care, should have discovered the fraud.

■ Since the summary judgment proof does not preclude the absence of an issue of material fact concerning the defense of limitations, the rendition of summary judgment in favor of defendant was not justified.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.