Louis LANGSTON, et ux., Elsa Langston, Appellants,

v.

W.T. BREWER, Appellee.

No. 2–82–135–CV.

Court of Appeals of Texas, Fort Worth.

April 21, 1983.

Law Offices of John R. Lively, and Conrad Kasselman, Jr., Fort Worth, for appellants.

Robert J. Wilson & Associates, Inc. and Robert J. Wilson, Burleson, for appellees.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

ASHWORTH, Justice.

This appeal is limited by appellants to the issue of whether the transaction of the parties is subject to the provisions of the Texas Home Solicitation Act (Tex.Rev.Civ.Stat. Ann. art. 5069–13.01 (Supp.1982) et seq.).

Judgment affirmed.

Louis Langston and wife, Elsa Langston, appellants, owned a lake lot and mobile home situated at Horseshoe Bend in Parker County, Texas. W.T. Brewer, appellee, was a maintenance engineer employed by the Horseshoe Bend development project. The parties became acquainted and Brewer did some repair or remodeling work on the Langston's mobile home with apparent satisfaction to both parties. The Langstons owned a home in Tarrant County, Texas, which contained an area for a beauty shop used by Mrs. Langston for friends and family. The beauty shop was located in the living room of the home, and the Langstons desired to have it moved into the garage area. The Langstons contacted Brewer about performing the remodeling involved. After some negotiations, Brewer went to the Langston residence on December 8, 1980, with a one page contract, in duplicate, prepared by Brewer's wife at his direction. The contract was undated, but provided generally for the remodeling work to be done, and the price of $5,260.91. The contract fell woefully short of the provisions required by art. 5069–13.01 for a home solicitation contract. The contract was executed by the parties and Brewer commenced the work contemplated. The statement of facts contains more than one hundred pages of testimony by the parties as to delinquencies of the other; suffice it to say the Langstons were not happy with the work being done by Brewer, and Brewer was not happy with the requests and changes in plans being made by the Langstons. Brewer declared that the work contracted for had been completed, and brought suit alleging that he was entitled to $1,705.04, representing $100.00 still due on the contract and $1,605.04 in extras. The Langstons filed a counter claim alleging, among other things, that they were entitled to damages under the Texas Deceptive Trade Practices Act (Tex.Bus. & Comm.Code Ann. § 17.50 (Supp.1982) et seq.), and under the Texas Home Solicitation Act, art. 5069–13.01.

The case was submitted to the jury on special issues which found that the parties did not agree that the Langstons would pay Brewer an agreed sum for extras, changes, and additions. The jury found that Brewer furnished top quality materials, labor of

good quality, and performed the work in a good and workmanlike manner. The trial court found that the Texas Home Solicitation Act did not apply to the facts in this case, and rendered judgment that neither party recover any damages from the other.

The thrust of the Langston's appeal is that the transaction with Brewer falls under the Home Solicitation Act. Brewer solicited the transaction in the Langston home, the contract was signed there, the contract did not provide that the Langstons could cancel at any time within three days, and that they were not furnished a form "Notice of Cancellation", as required by the act.

While the act has been in effect since 1973, there are few cases construing the same. One of the first Texas cases construing the act is *McDaniel v. Pettigrew,* 536 S.W.2d 611 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). That case involved a real estate transaction in which a licensed real estate agent participated, and therefore fell under an exception to the act. However, the case presents a very thorough review of the purpose and scope of the act, and compares the Texas act to similar acts of various other states. The case holds that the act was designed to protect residential occupants from high pressure door-to-door salesmen and to allow a "cooling-off" period within which the sales contract could be rescinded.

Another case in point is *Holmquest v. Priesmeyer,* 574 S.W.2d 173 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). In that case, Priesmeyer brought suit for architectural fees; the Holmquests defended on the ground of violation of the Home Solicitation Act. Holmquest was an associate dean at Texas A & M University. He contacted the Dean of the School of Architecture about some plans for a house he wished to build. That dean gave this information to Priesmeyer who then contacted Holmquest. After several discussions, a contract was executed providing for architectural services to be furnished by Priesmeyer to Holmquest. Services were provided, but the home was not constructed and suit resulted. In accordance with *McDaniel v. Pettigrew, supra,* the Houston court also held the Home Solicitation Act was designed to protect residential occupants from high pressure door-to-door salesmen and to allow a "cooling-off" period in which a contract thus negotiated might be rescinded. The court further held that the Holmquests were not entitled to the protection of the act.

In the instant case, we have parties who have been involved in a prior transaction; the consumers (Langstons) contact the merchant (Brewer) with regard to furnishing services. After some negotiations, a contract prepared by the merchant is executed at the home of the consumer. In accordance with the two cases previously cited, we hold the Texas Home Solicitation Act does not apply to the instant transaction.

Judgment affirmed.