**AMERICAN QUALITY ROOFING, INC., Appellant,**

v.

**Gregory IPOCK, Appellee.**

No. 2–86–208–CV.

Court of Appeals of Texas, Fort Worth.

May 28, 1987.

Keith A. Barton, Burleson, for appellant.

Davis & Sweat, and David R. Sweat, Arlington, for appellee.

Before FARRIS, KELTNER and LATTIMORE, JJ.

OPINION

KELTNER, Justice.

In this appeal, American Quality Roofing, Inc. (American) complains of the summary judgment granted to Gregory Ipock. The summary judgment evidence consisted solely of the affidavit of Gregory Ipock.[1]

We affirm.

On June 4, 1981, Ipock was approached by A.B. Wells, who represented himself as an authorized agent of American. Wells came to Ipock's home and solicited his purchase of materials and labor necessary to repair his roof. The terms of the contract were negotiated in Ipock's home, where the contract was eventually signed. Ipock had never had any business relationship with American prior to the contract negotiations.

Ipock was not informed that he had the right to cancel the transaction within three business days from the date of the contract. He also was not given a written "Notice of Cancellation" of any sort, much less a "Notice of Cancellation" which complied with TEX.REV.CIV.STAT.ANN. art. 5069–13.02(c) (Vernon 1987). American admits in its brief that it did not give notice of cancellation in any form to Ipock.

American filed suit for monies due under the contract when Ipock refused to pay. Ipock filed a general denial and raised two affirmative defenses, including allegations that the contract made the basis of American's lawsuit did not comply with the provisions of article 5069–13.01–13.03. Ipock also filed a counterclaim alleging that American had damaged his home, violated the Texas Deceptive Trade Practice-Con-sumer Protection Act and violated the Texas Home Solicitation Transactions Act. Ipock then filed the motion for summary judgment that is the subject of this appeal. In the motion, Ipock requested attorneys fees, but no affirmative relief on the counterclaim. American did not file any response, objections or controverting proof to Ipock's motion for summary judgment. The court granted summary judgment that American take nothing and awarded attorneys fees for Ipock.[2]

On appeal, American complains that the trial court erred in granting the summary judgment. Specifically, American contends that Ipock failed to prove that the transaction fell within the provisions of the Texas Home Solicitation Act, as a matter of law. We disagree.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery*, 669

---

1. American states that the only summary judgment proof offered was American's responses to Ipock's request for admissions. However, we are unable to find those answers in the record.

Ipock's affidavit was attached to his motion for summary judgment.

2. Ipock's attorney also filed an affidavit on attorneys fees which was not controverted.

S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47.

If such uncontroverted evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct, positive, and free from inconsistencies and contradictions. *Id.; see also Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980) (per curiam) (affirming a summary judgment based solely upon the uncontroverted testimony of an interested party). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

In his affidavit, Ipock averred:

A.B. Wells came to my home ... and made a personal solicitation ... for the sale of materials and labor.... At the time of this transaction, A.B. Wells represented he was an authorized agent of American Quality Roofing, Inc. Mr. Wells and I negotiated the terms of the contract for the sale of such goods and services at my home. Thereafter, I signed and delivered the contract to Mr. Wells at my home. None of the negotiations occurred other than at my home. I had never before had any business dealings with American Quality Roofing, Inc.

These averments are clear, positive, and free from any inconsistency or contradiction. As a result, they establish that the transaction fell within the Texas Home Solicitation Act, in the absence of any proof to the contrary. *See Americana Motel*, 610 S.W.2d at 143.

If American had wished to contradict the clear and simple affidavit of Ipock, it could have done so easily. On appeal, American seeks to rely on several cases. However, each is distinguishable. *Langston v. Brewer*, 649 S.W.2d 827 (Tex.App.—Fort Worth 1983, no writ) [Consumer and merchant had substantial relationships prior to the transaction in question and had held negotiations regarding the contract away from consumer's residence]; *Holmquest v. Priesmeyer*, 574 S.W.2d 173 (Tex.Civ.App. —Houston [1st Dist.] 1978, no writ) [Consumer sought out services of architect and engaged in negotiations with architect away from the consumer's home before written contract was prepared]; *McDaniel v. Pettigrew*, 536 S.W.2d 611, 614 (Tex.Civ. App.—Dallas 1976, writ ref'd n.r.e.) [Home Solicitation Act does not apply to a licensed real estate broker].

Ipock has put forth legally sufficient evidence to support each essential defense as a matter of law. As a result, the trial court did not err in granting summary judgment.

We affirm the judgment of the trial court.