**Allison A. LEE, Appellant,**

v.

**Tim KILLIAN, Appellee.**

**No. 2–88–067–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 30, 1988.

Byrd, Davis & Eisenberg, Michael L. Slack, Austin, for appellant.

Oldham, Barnard & Vandeventer, Charles M. Barnard, Wichita Falls, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Allison A. Lee, who was plaintiff below, sued the appellee, Tim Killian, over injuries allegedly sustained in an automobile accident. The trial court granted summary judgment for the appellee on the basis of a valid waiver. Lee appeals on the grounds the waiver was obtained by fraud.

We reverse and remand for a new trial.

On November 17, 1984, appellant and appellee had a vehicle collision in a private parking lot in Huntsville, Texas. State Farm Mutual Automobile Insurance Co. (State Farm) insured both parties. Appellant later signed a waiver of liability against appellee for the sum of $200.00 plus an additional $1,000.00 for medical treatment. On July 26, 1985, appellant brought suit against appellee for injuries suffered. Appellee filed an answer alleging the waiver as an affirmative defense. Appellant then amended her petition to allege that the waiver was invalid as it was obtained by fraud. The trial judge granted summary judgment for the appellee on the basis of the absence of any genuine issue of material fact regarding the appellee's liability.

Appellant alleges that the trial court erred in granting summary judgment in favor of the appellee because there were material issues of fact regarding inducement by fraud of the waiver.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence

must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

In this case, appellee would have to prove that one or more of the elements of fraud were lacking, and that therefore, the waiver was valid as a matter of law.

Texas courts have found fraud to consist of six elements: (1) material representation; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. *See Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 185 (Tex.1977); *Oilwell Division, United States Steel Corp. v. Fryer,* 493 S.W.2d 487, 491 (Tex.1973). Appellant contends that appellee failed to prove the nonexistence of an issue of material fact on any one of these items. We agree.

Appellant introduced the following evidence (taken in her deposition) at the summary judgment hearing:

A. And I think—well, I don't know if this is misrepresentation, but I was told that I could not get my car fixed under my insurance unless I signed the release.

. . . .

Q. Or you come up with $200 on your own.

A. No, I was told that I could not get it fixed under my insurance policy, period.

Q. Who told you that?

A. Ms. Pica [a representative of State Farm].

Q. When did she tell you that?

A. Before she sent me the release.

Q. Was anyone present?

A. No, it was a phone conversation.

Appellee contends the above is a mere conclusion that a misrepresentation was made. We do not believe that the statements are conclusions and instead believe they represent facts of a statement made by a representative of the appellee. Appellant also stated in her deposition that Mrs. Pica said that she had a thousand dollars in collision coverage. Estimates of car repairs attached to Mrs. Pica's deposition indicate appellant did indeed have insurance on her car with a $200.00 deductible. We find this evidence shows that appellant had some coverage and that she was entitled to recover under her policy. Thus, it appears that appellant raised the issue that the alleged statement made by Mrs. Pica was false.

A claims superintendent for State Farm stated in his deposition that he would:

A. Yes, go over the release with them.

Q. Right, thoroughly and explain it.

A. Yes. They need to read it, go over it.

Q. You would definitely not make a condition—or make the release a condition for obtaining benefits that would otherwise accrue to the person, would you?

A. Oh, of course not.

Q. That would be flagrant and abuse of an adjustment procedure.

A. Sure. Whether they had State Farm or not, it would—that would be a flagrant abuse. You wouldn't do that.

Q. I mean, that would be a wrong of the highest order.

A. Yes, because you have contracts. Their own policy is a contract.

Q. That would be a breach of the contract.

A. Sure.

Q. Not only a breach of the contract, it would be disregarding—derogation of their rights.

A. That would be correct. I would think so.

Q. You would be highly critical of any person who attempted to make the release a contingent term of obtaining

benefits otherwise accruing to that insured.

A. Most definitely.

Q. Would you turn one of your adjusters loose if you determined that that had happened?

A. Yes, I would.

We believe this testimony offers some evidence that the earlier statement allegedly made by the claims adjuster (Mrs. Pica) was false, and some evidence that Mrs. Pica would have known the statement to be false.

We believe that the circumstances suggest that if a false statement was made, it was made with the intent that appellant rely on it—i.e., that appellant would sign the waiver. State Farm insured both parties and the same claims adjuster, Mrs. Pica, handled both claims. It was in their interest to obtain the waiver as it would be State Farm that had to pay any claims (up to the policy limit) if appellant successfully sued appellee. If Mrs. Pica did tell appellant she had to sign the waiver in order to obtain benefits under her policy, it would be a reasonable inference that she did so with the intent of appellant relying on the statement given the position of her company. Since appellant actually did sign the waiver, it is possible she relied on the purported statement. Finally, appellant can show injury, on account of her reliance, by the bar that this waiver would present to bringing this lawsuit. Since we find evidence of each of the elements of fraud, we hold the granting of summary judgment on behalf of the appellee was improper. Appellant's point of error is sustained.

We do not mean to imply that appellant has established as a matter of fact or law her cause. Rather, we find enough evidence to withstand a summary judgment motion by the appellee. We find sufficient evidence present on each of the elements to warrant a trial on the merits.

The judgment of the trial court is reversed and the cause is remanded for trial.