**Brad HENSON, Appellant,**

v.

**AMERICAN EAGLE INSURANCE COMPANY, Appellee.**

No. 2–91–246–CV.

Court of Appeals of Texas, Fort Worth.

June 2, 1992.

Rehearing Overruled July 7, 1992.

Fillmore & Purtle, Glynn Purtle, Wichita Falls, for appellant.

Gardere & Wynne, Fred J. Meier and A. Robert Lamb, Dallas, for appellee.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

OPINION

LATTIMORE, Justice.

This is an appeal by Brad Henson who brought this suit against American Eagle Insurance Company for an alleged breach of its duty of good faith and fair dealing and for an alleged violation of the Deceptive Trade Practices Act (DTPA). The trial court in this case granted American Eagle's motion for summary judgment which asserted that Henson had previously accepted a settlement offer which disposed of any claims that he had against American Eagle. In his two points of error, Henson maintains that the trial court erred in granting summary judgment in favor of

American Eagle because fact questions remained in the case.

We affirm.

## Statement of Facts

Joe Best sued Henson and Exchange National Bank of Chicago, Illinois ("Bank") for damaging his aircraft when an airplane owned by the Bank and being test-started by Henson collided with it. Since American Eagle failed to provide Henson a defense in the original suit, Henson made a formal demand upon American Eagle on May 31, 1990, advising them that they had sixty days to: pay $5,100.00 in damages; provide a legal defense for him; and pay any damages and court costs arising out of cause number 133–790–B. On July 30, 1990, Henson's attorney was presented a letter in which American Eagle accepted Henson's offer. Accompanying this letter was a $5,100.00 cashier's check as well as notification that cause number 133–790–B had been settled and dismissed in its entirety and thereby relieving Henson of any liability or costs. Finally, this letter informed Henson that American Eagle would agree to pay reasonable and necessary attorney's fees and expenses through the settlement of this matter.

## Appellant's Points of Error

In his two points of error, Henson contends that the trial court erred in granting American Eagle's motion for summary judgment in that: (1) there is a fact question as to whether the law firm of Sifford, Edson, Meyer & Jones was an agent and attorney for American Eagle when they filed two cross-actions against the appellant on behalf of Exchange Bank and when they directed a DTPA demand letter to be sent to Henson's attorney; and (2) there is a question of fact as to whether the cross-actions filed by the law firm and/or the DTPA letter constituted a counter offer and rejection of Henson's earlier DTPA demand letter to American Eagle.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery*, 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

The primary issue for our review in this case involves the question of whether the fact that American Eagle hired the law firm of Sifford, Edson, Meyer & Jones for its insured, Exchange Bank, simultaneously created an agency/attorney-client relationship between the law firm and American Eagle which caused future correspondence and legal action between the law firm and Henson to prejudice direct communications between American Eagle and Henson on a separate matter. As the Bank's insurer, the appellee was contractually obligated to provide legal counsel to defend Exchange Bank. Additionally, the DTPA letter sent to Henson's attorney by Dennis Conder of Sifford, Edson, Meyer & Jones, which Henson contends was a counter offer and rejection of Henson's DTPA

demand to American Eagle, asserts that such was being sent on behalf of Exchange Bank. The letter states:

> As you are aware, our firm represents the Exchange National Bank of Chicago, Illinois, in the above-referenced matter. Please accept this letter, as attorney for Mr. Brad Henson, of my client's claims against Mr. Henson.

In this three page letter, Conder never represents that he was acting on behalf of American Eagle; additionally, American Eagle is never even mentioned in the correspondence. The appellant notes in his brief that Larry Oswald, an adjuster with the Aviation Adjustment Bureau (AAB) and the individual who later communicated American Eagle's acceptance of the offer to Henson's attorney, received a copy of Conder's DTPA demand letter; however, we find this dispositive of nothing. While this court is not prepared to maintain that American Eagle did not have a quasi-agency/attorney-client relationship with the law firm in its role as the procurer and financier of Exchange Bank's legal representation, such fact is of little consequence in the present case. There is no evidence that the law firm of Sifford, Edson, Meyer & Jones was representing American Eagle rather than its proclaimed client, Exchange Bank, when it sent the Bank's DTPA demands to Henson or when it filed the two cross-actions against the appellant on behalf of Exchange Bank.

We conclude as a matter of law that neither the correspondence referenced *supra* nor Exchange Bank's two cross-actions constituted a counter offer and rejection of the earlier DTPA letter sent by Henson to American Eagle. It would be illogical for this court to hold that an insurance company, in fulfilling its contractual duty of hiring and paying for the legal representation of its insured, would then be severely prejudiced in settlement negotiations with a second party on a wholly separate matter simply because the attorney for its insured sent a demand letter and filed suit against the same second party. We find Henson's appeal to be completely without merit and conclude that there was no genuine issue of material fact and that American Eagle

was entitled to judgment as a matter of law. *See id.* The appellant's two points of error are overruled.

The judgment of the trial court is affirmed.